10571

STATE v. SWEET.

(106 S. E. 31)

CRIMINAL LAW—CASE NOT REVERSED IN ABSENCE OF ABUSE IN DENYING NEW TRIAL FOR NEW CUMULATIVE EVIDENCE.—In the absence of a showing that the presiding Judge erroneously exercised his discretion in refusing to grant a new trial, the case will not be reversed for newly discovered cumulative evidence after conviction for manslaughter.

Before BOWMAN, J., Orangeburg,    May, 1917.   Appeal dismissed.

George Sweet indicted for the murder of Robert Wallace. Upon conviction for manslaughter the defendant appeals.

*Thos. F. Brantley, Esq.,* for appellant, cites: *Rule as to granting of new trial on ground of after discovered evidence:*   33 S. C. 404; 74 S. C. 568; 106 S. C. 437.

*Solicitor A. J. Hydrick for   respondent.   Oral argument.*

Feb. 28, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted for murder, but the jury found him guilty of manslaughter.

The appeal is from an order refusing a motion for a new trial, on the ground of after-discovered evidence.

The only testimony upon which the motion was made was the affidavit of Thomas F. Brantley, Esq,, one of the dedant's attorneys, which was to the following effect:

"That Axon, one of the witnesses in the case of the State v. Sweet, which was tried this 15th day of May, told him after the trial today that when he met George Sweet with Mr. Frank De Mars, and after he and Mr. De Mars carried George Sweet back to his home, where the shooting took place, that George Sweet told him in the presence of Mr. Frank De Mars that he had ordered Robert Wallace out of his house and that he had come back with a knife in his hand, and when he came at him with the knife he shot him, and that

the [using oath] had reported him for selling whiskey; that this deponent is one of the attorneys for the defendant and did not know of this testimony in time to get out, so as to get the whole truth of Sweet's statement to Mr. Axon."

This testimony was merely cumulative; the defendant and his wife both having testified that the deceased had a knife in his hand at the time he was shot.

Furthermore, the defendant has failed to make it appear that his Honor the presiding Judge erroneously exercised his discretion in refusing the motion.

Appeal dismissed.